IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02635-BNB

ANTHONY T. KINNEY,

      Plaintiff,

v.

CHAIRMAN OF COLORADO BOARD OF PAROLE: MR. YOUNG,
PAROLE BOARD MEMBER "UNKNOWN,"
PAROLE BOARD MEMBER: REBECCA OAKS,
CASE MANAGER: KIMBERLY WILLIAMS (CMRC - 2012),
CASE MANAGER: MS. MCLAIN (CMRC - 2011 through 2012),
CASE MANAGER: STEVEN GOSSETT (Limon Correctional), and
MANAGER: KIMBERLY WATKINS (Kit Carson Correctional),

      Defendants.

---

ORDER OF DISMISSAL

---

      Plaintiff, Anthony T. Kinney, currently is incarcerated at the Denver County Jail in Denver, Colorado.  Mr. Kinney filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

      Mr. Kinney has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  *See* ECF No. 4.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Kinney asserts are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will

dismiss the instant action.

The Court must construe the Prisoner Complaint liberally because Mr. Kinney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Kinney contends that Defendants violated his due process rights and subjected him to cruel and unusual punishment in connection with his parole hearing and community corrections placement in August 2012. He also complains that Defendants violated his due process rights and subjected him to cruel and unusual punishment in connection with his parole hearings in January and June 2013. Mr. Kinney seeks compensatory damages for his "loss of wages, loss of marriage freedom, educational time, and career progression" during his confinement as well as punitive damages.

Mr. Kinney's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. Although Mr. Kinney is not

challenging the validity of a conviction or sentence, the rule in *Heck* also applies to other claims that challenge the validity of the length of an inmate's confinement. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation); *see also Griffin v. Hickenlooper*, No. 12-cv-01379-BNB, 2012 WL 3962703 (D. Colo. Sept. 10, 2012) (not published) (plaintiff's claim regarding allegedly illegal imprisonment pursuant to parole hold following arrest barred by the rule in *Heck*). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Kinney's claims challenging his parole proceedings and placement implicate the validity of his confinement pursuant to the parole decisions. Mr. Kinney does not allege, and there is no indication in the Prisoner Complaint, that he has invalidated the allegedly illegal confinement he is challenging. Therefore, the Court finds that Mr. Kinney's claims for damages challenging the allegedly illegal parole proceedings and decisions are barred by the rule in *Heck* and must be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are dismissed as moot.

DATED at Denver, Colorado, this __26th__ day of __September__, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4